UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLIAM BROWN,

        Plaintiff,

vs.

PHIL WOWAK,

        Defendant.

No. C 13-4979 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, who is detained at Santa Cruz County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The filing fee was paid as defendant has removed this action from state court.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges violations of his right to send and receive mail and an ineffective inmate grievance system.

Prisoners enjoy a First Amendment right to send and receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).  A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests."  *See Turner v. Safley*, 482 U.S. 78, 89 (1987).  The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners.  *See Thornburgh*, 490 U.S. at 413.

In the case of outgoing correspondence from prisoners to non-prisoners, however, an exception to the T*urner* standard applies.  Because outgoing correspondence from

2

1  prisoners does not, by its very nature, pose a serious threat to internal prison order and
2  security, there must be a closer fit between any regulation or practice affecting such
3  correspondence and the purpose it purports to serve. *See id.* at 411-12. Censorship in
4  such instances is justified only if (1) the regulation or practice in question furthers one or
5  more of the substantial governmental interests of security, order and rehabilitation, and (2)
6  the limitation on First Amendment freedoms is no greater than necessary to further the
7  particular government interest involved. *See Procunier v. Martinez*, 416 U.S. 396, 413
8  (1974), overruled on other grounds, *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).

Plaintiff is also informed that there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

The specifics of plaintiff's complaint are difficult to discern.[1] Plaintiff takes issue with the manner in which mail and postage are treated at the jail. It seems stamps are not sold, just pre-paid envelopes, five per week[2], or large envelopes where an inmate requests postage be affixed and deducted from his account. Plaintiff notes that legal mail is mailed free of charge, but is processed by jail staff so may get delayed and in one instance his legal mail was returned to the jail and had to be sent again. Plaintiff argues that having to choose between free legal mail that can be delayed or using one of his pre-paid envelopes and not having the ability to buy stamps, is a violation of his rights. As plaintiff has the ability to send out free legal mail, larger envelopes with the cost of postage deducted from his account and pre-paid envelopes there does not appear to be a constitutional violation, if

---

[1] The court has also reviewed plaintiff's additional filings. Docket Nos. 5 & 6.

[2] An exhibit attached by plaintiff from the jail states that more pre-paid envelopes may be purchased if the inmate submits a request.

3

this is indeed his claim. To the extent plaintiff has discussed his fear of legal mailings reaching the court late, he is informed that a pro se inmate's legal mail is deemed filed on the date of its submission to prison authorities for mailing to the court, as opposed to the date of its receipt by the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). When filing legal mail, plaintiff should include a signed declaration stating the date he gave the mail to prison officials for mailing.

While jail officials do not read mail labeled as "legal mail", plaintiff also argues that jail officials open mail which could be legal mail that has not been marked, such as mail from the courts. Plaintiff requests that staff look at the return address before opening mail. However, mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail." *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). With minute exceptions correspondence from a court to a litigant is a public document. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

With respect to plaintiff's issues with the inmate grievance system, as noted above there is no constitutional right to a grievance system. Regardless, a review of plaintiff's exhibits and filings does demonstrate that jail officials responded to many of his grievances. The complaint will be dismissed with leave to amend. Plaintiff should more clearly present his allegations and identify any individual defendants so the court can understand his claims.

**CONCLUSION**

1. The motion to submit a declaration (Docket No. 6) is **GRANTED** and it has been considered by the court.

2. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **January 10, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not

4

incorporate material from the original complaint by reference.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 6, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Brown4979.dwlta.wpd